JASON GILLETT AND JAMES D. TURNBULL v. JAMES C. BOWMAN.

43   477
119   444

*Parol evidence to supplement contract—Construction—Right to terminate.*

A written contract to deliver timber at certain rates is not varied by parol testimony of an understanding between the parties that it was to be measured at the ports of destination.

Parties to contracts may come to an independent agreement upon details as to the execution thereof at the time of contracting as well as afterwards.

A contract for the shipment of timber in providing that it should be paid for "on the returns of each load shipped" contemplates its measurement at the port of destination.

The manifest meaning of a contract must govern until it is shown to be impracticable.

A right to terminate a contract subject to a liability for damages does not entitle one party to alter its terms on giving notice to the other.

Error to Alpena. Submitted April 23. Decided April 30.

ASSUMPSIT. Defendant brings error.

*Turnbull & McDonald* for plaintiff in error.

*Holmes & Carpenter* for defendant in error.

COOLEY, J. Bowman, as assignee of Henry Turner, brought suit against Gillett & Turnbull for the delivery of cedar timber under the following contract:

"It is hereby agreed by and between Henry Turner of the first part, and J. Gillett & Co. of the second part, witnesseth: The said first party hereby agrees to deliver over the rail of vessels all the cedar timber now lying on the beach and in Devil river, being the same timber got out by said second party during the winter of 1876 and 1877, for the following prices: All the paving timber for seventy-five cents a cord; all fence posts for one cent apiece; said timber to be put over the rail of vessels as vessels may arrive to receive them; and to employ sufficient force for doing the same as may be necessary, so that vessels may not be unnecessarily delayed. In consideration of the first. party faithfully performing his part of this contract the said second party agrees to pay the price above mentioned as follows: on the returns of each load of paving timber shipped, to pay the said first party the amount due on such cargo in cash, and the posts to be paid for when shipped and counted.

HENRY TURNER,

*Dated, May 7, 1877.*      J. GILLETT & Co."

The chief controversy between the parties on the trial related to the measuring of the paving timber. This timber was shipped to Detroit and Chicago, and defendants claimed that the cargoes were to be measured at the ports of destination, and that they were to pay according to the returns of the measurement; and they offered evidence that such was the understanding of the parties when the contract was entered into. The circuit judge excluded this evidence, on the ground that it would vary the contract, and permitted the plaintiff to give

evidence of the measurements and estimates of quantity made by himself in loading the vessels.

We think the excluded evidence was not objectionable on the ground stated. It did not tend to vary the contract; it did not affect any of its terms. The loading of timber was to be paid for according to quantity, and it was proposed merely to show what understanding the parties had as to the method of arriving at the quantity. It is perfectly competent for parties to agree upon any such matter of detail in the execution of their contracts; as well at the time of contracting as afterwards. It is agreeing only upon what shall be the evidence of performance.

But we are of opinion that the contract itself provided for the very course the defendants insisted upon. The posts were to be paid for when shipped and counted, but the paving timber "on the returns of each load shipped." Why pay on the returns? It is not claimed or pretended that payment was only to be made from the proceeds; Turner had no concern with these, and if Gillett & Co. gave credit on sales, Turner would nevertheless be entitled to payment in cash. The "returns," then, were of no importance for any purpose unless they determined how much the contractor was to be paid for. And there was good reason why the paving timber should be measured at the port of destination. The pieces were not piled up where they were, and to measure them there would require piling for the express purpose; an unnecessary labor, largely increasing the contractor's task; while they would naturally be piled suitably for measure at the point of delivery, for convenience in sale or subsequent use. Worthless timber would also be rejected there; as the record shows that only sound sticks are counted as paving timber. The parties seem to have adopted this view in some of their settlements, and they should have done so in all. It may happen under any such contract that circumstances will render the ascertainment of quantity in the manner proposed impractica-

ble; but the contract must govern until the impracticability is made to appear.

Another exception taken by the defendants below requires some notice. It seems that after the contract had been partly performed, the defendants, for certain reasons that need not be mentioned, notified the plaintiff that if he loaded any more of the paving timber he must put the sticks aboard as posts, and charge for them as posts by the piece. The plaintiff nevertheless charged for the paving timber thereafter as theretofore, by the cord. The defendants contended that they might terminate the contract at any time, subject to a liability to pay damages for so doing. This is true; but it is also true that so long as the contractor was suffered to go on in the completion of the contract he was entitled to charge for his services according to the terms fixed by the contract. Notifying him that the parties would only pay him according to some other standard was merely nugatory.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.